In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor (Order No. 254).

Petition of **PHILADELPHIA and TRENTON RAILROAD COMPANY for AMENDMENT of ORDER NO. 168.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

May 13, 1971.

**1270**

Goncer M. Krestal, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Trustees, Penn Central Transportation Co.

Charles A. Wolfe, Montgomery, Mc-Cracken, Walter & Rhoads, Philadelphia, Pa., for Philadelphia & Trenton Railroad Co.

Richardson Blair, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Girard Trust Bank.

Thomas J. Profy, III, Begley, Carlin, Mandio, Kelton & Popkin, Bristol, Pa., for Bucks County Housing Authority.

## MEMORANDUM

FULLAM, District Judge.

On February 22, 1971, I entered Order No. 168, authorizing the Trustees to sell certain real estate in the Borough of Bristol, Bucks County, Pennsylvania, free of lien. The Order provided that "all liens on the property conveyed pursuant to this Order shall attach to the proceeds from the conveyance, in the respective order of priorities thereof", and directed the deposit of the proceeds, subject to the further order of this Court.

On March 23, 1971, I entered Order No. 192, a definitive order governing "the investment of, accounting for and expenditure of proceeds of sales of property." This Order was expressly made applicable to the proceeds of the sale authorized by Order No. 168.

During the interval between these two Orders, the Philadelphia and Trenton Railroad Company filed a petition for amendment of Order No. 168, to require that the proceeds from the Bristol sale be deposited "in an account in the name of the Philadelphia and Trenton Railroad Company. * * * " The petition asserted, in effect, that the petitioner's consent to the sale of the real estate would be invalid on any other basis.

There is no merit to this petition. The consent resolution, adopted by the petitioner on February 17, 1971, expressly provides that the proceeds of the sale shall be "treated in accordance with the terms of any applicable mortgage, and if such proceeds are not required to be deposited under any mortgage or * * * are released from such mortgage, such proceeds shall be deposited in a bank account of the company." It is clear that the disposition authorized by Orders 168 and 192 is in conformity with the requirements of this consent.

By a lease dated June 30, 1871, the Debtor was granted a 999-year leasehold interest in all of the properties and franchises of the Philadelphia and Trenton Railroad Company. Paragraph 11 of that lease provides that the proceeds of all sales of such real and personal property of the lessors as shall "in the opinion of lessee, not be necessary for the use of the said canal or railroad, or for the protection of the interest of the said lessors therein * * * shall be applied, at the option of the lessee, either to the permanent reduction of the funded debt of the said lessors, or either of them, or to permanent additional improvements upon the property hereby demised." While the "fee" title of Philadelphia and Trenton Railroad Company was not subject to mortgage, the leasehold interest of the Debtor is subject to the General Mortgage of the Pennsylvania Railroad Company, dated June 1, 1915. The funds in question have not been released from that mortgage; indeed, by the terms of that mortgage, they are "required to be deposited * * * " with the indenture trustee. The fact that Order No. 192 has somewhat altered the administration of such deposit, by reason of the reorganization proceeding, does not enable the petitioner to disregard the mortgage. The present petition will be denied.